## (April 5, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAXWELL BOGLE, PATRICK RAYMOND, MICHAEL WALKER, PETER WILLIAMS, KENNETH WHITE, ERROL HUSSING and GARY ISAACS, Respondents. — Order of the Supreme Court, New York County (Joseph Cohen, J.), entered on January 31, 1983, which granted defendant Bogle's motion to suppress physical evidence and dismissed the indictment as to all seven defendants, is unanimously reversed, on the law, the indictment reinstated, and the matter remanded for a hearing. ¶ In an indictment filed on November 8, 1982, defendants were accused of two counts of criminal possession of a weapon in the third degree and criminal possession of marihuana in the first degree based upon a police seizure of certain physical evidence from an apartment located at 95 West 183rd Street in The Bronx. At the time of the forcible entry into the premises in question, the officers did not possess a search warrant although they apparently did have a bench warrant for the arrest of defendant Bogle on a robbery charge. Inside the apartment, which was leased by a person who is not a party to this appeal, the police officers recovered two guns, a quantity of ammunition and 15 pounds of marihuana. They then arrested the occupants of the premises, defendants herein, who subsequently moved to suppress the items taken from the apartment. According to defendants, they were "guests" or "invitees" and, therefore, had a reasonable expectation of privacy. Citing *Steagald v United States* (451 US 204), defendants contended that even if the police had a valid arrest warrant for Bogle, this did not authorize them, absent a magistrate's finding of probable cause, to enter a third person's home in order to arrest

Bogle. They also argued that since the police did not have a search warrant, and there were no exigent circumstances to otherwise justify the entry, the evidence was illegally seized. The People, on the other hand, asserted that defendants, at most no more than guests, had no reasonable expectation of privacy and, thus, lacked standing to challenge the search and seizure. (*People v Ponder,* 54 NY2d 160.) In *People v Ponder* (*supra*), the Court of Appeals held that a defendant charged with a possessory crime had no automatic standing to contest the seizure. ¶ In the instant case, the trial court summarily granted defendant Bogle's motion to suppress and dismissed the indictment against all seven defendants. However, "the demise of the 'automatic standing' doctrine does not negate a criminal defendant's right to a hearing on suppression of physical evidence where there is at least a question as to a legitimate expectation of privacy." (*People v Glover,* 82 AD2d 43, 44.) Consequently, the People are incorrect when they urge that the court should have summarily denied the motion to suppress because of defendants' failure to demonstrate standing. Similarly, since the record here is insufficient to determine whether any of the defendants did indeed have the requisite expectation of privacy in the apartment where the contraband was discovered, but an argument can validly be made to that effect, the court was not warranted in summarily granting the motion to suppress and should have directed a hearing instead. Although the moving papers are written in conclusory language, the People have not challenged their technical sufficiency. Thus, we perceive no reason to consider this issue at this point. Concur — Murphy, P. J., Sandler, Carro and Milonas, JJ.